[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14724
Non-Argument Calendar
_____

D. C. Docket No. 07-20214-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMY LEE CARPENTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 3, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Sammy Lee Carpenter appeals his sentence for sex trafficking of a minor and enticing a minor to engage in prostitution, in violation of 18 U.S.C. §§ 1591(a)(1), (2), 2422(a), (b).  After Carpenter pled guilty, the district court sentenced him to 180 months' imprisonment and lifetime supervised release, and imposed, *inter alia*, the following special terms of supervised release: (1) prior written permission of the court before entering into any self-employment; (2) no unsupervised contact with minors; and (3) no possession of "visual depictions of minors or adults engaged in sexually explicit conduct."   Carpenter challenges various issues related to his lifetime term of supervised release, and we address them in turn.

## I.  LIFETIME SUPERVISED RELEASE

Carpenter first challenges his lifetime term of supervised release, asserting (1) it violates the Eighth Amendment, (2) it creates an unwarranted sentencing disparity among codefendants, and (3) the district court made no factual findings to support a lifetime term of supervised release.  According to the U.S. Code, the district court may impose a term of supervised release for offenses under §§ 1591 and 2422 of any term of years not less than five, or life.  18 U.S.C. § 3583(k).  Pursuant to the Guidelines, a life term of supervised release may be imposed for sex offenses, which include  *inter alia*, violations of §§ 1591 and 2422.  *See*

2

U.S.S.G. § 5D1.2(b)(2) & comment. (n.1).  The policy statement recommends a statutory maximum term of supervised release for sex offense convictions.  *See* U.S.S.G. § 5D1.2, p.s.

Carpenter's assertion, raised for the first time on appeal, that his life term of supervised release violates the Eighth Amendment is reviewed for plain error.  *See United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005) (reviewing constitutional objection not raised before the district court for plain error).  "When neither the Supreme Court nor this Court has resolved an issue . . . there can be no plain error in regard to that issue."  *Id.* at 1019.  In *Moriarty*, we rejected the argument, by a defendant who had pled guilty to several child pornography offenses, that a term of lifetime supervised release constituted cruel and unusual punishment.  *Id.* at 1023-25.  Because neither this Court nor the Supreme Court have held a life term of supervised release for sex trafficking of a minor or enticing a minor into prostitution violates the Eighth Amendment, and this Court has affirmed a life term of supervised release for a similar sex offenses, Carpenter cannot demonstrate any constitutional error that is plain.

Additionally, Carpenter's argument his codefendants' lesser terms of supervised release create sentence disparities is meritless, as Carpenter's offense conduct, culpability, and convictions were significantly different than those of his

codefendants. Carpenter (1) had sex with J.B. and first forced her to work as a prostitute in 2003, when she was 14 years old; (2) recruited J.B., forced her into prostitution, and directly controlled her during the instant offense conduct; and (3) pled guilty to all four counts, including one count with which his codefendants were not charged, one count of which his codefendants were acquitted, and two counts for which the jury found his codefendants did not use force.

We also reject Carpenter's contention the lifetime term of supervised release was unreasonable because the district court made no factual findings to support a lifetime term of supervised release. The district court imposed Carpenter's term of lifetime supervised release after stating it had considered the Guidelines and other § 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (explaining a district court, in determining a reasonable sentence, must correctly calculate the sentencing range under the Guidelines and then consider the factors set forth in 18 U.S.C. § 3553(a)). Because he violated §§ 1591 and 2422, Carpenter was statutorily eligible for a life term of supervised release. *See* 18 U.S.C. § 3583(k). The Guidelines recommend a life term of supervised release, and the policy statement recommends the statutory maximum term, *i.e.*, life, for sex offenses. *See* U.S.S.G. § 5D1.2, p.s.

4

Additionally, after his term of lifetime supervised release was imposed, rather than requesting the court's reasoning for imposing a lifetime term of supervised release, Carpenter requested the district court include in his written judgment that supervised release could be revisited depending upon the defendant's performance while under supervision. The district court did exactly what Carpenter requested, and the Judgment reads: "The defendant may petition the Court for early termination of supervised release." Accordingly, Carpenter has not met his burden in demonstrating the life term of supervised release, which was statutorily permissible, recommended by the Guidelines policy statement, imposed after consideration of the § 3553(a) factors, and is expressly allowed to be revisited depending on Carpenter's performance while under supervision, is unreasonable. *See Talley*, 431 F.3d at 788 (11th Cir.2005) ("[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a).").

## II. SPECIAL CONDITIONS

Carpenter next contends the district court failed to make factual findings justifying the: (1) "broad ban" on sexually explicit materials extending to material involving adults; (2) the ban on unsupervised contact with any minor; and

5

(3) restriction on self-employment. He asserts the "broad ban" on sexually explicit materials extending to material involving adults violates the First Amendment.

A district court's imposition of a special condition of supervised release ordinarily is reviewed for an abuse of discretion, but where, as here, objections were not preserved for appeal, we review for plain error. *See United States v. Zinn*, 321 F.3d 1084, 1087-88 (11th Cir. 2003) (noting objections to sentence of supervised release not clearly stated in the district court are deemed waived, and review is for plain error). The U.S. Code allows the district court to impose any condition of supervised release it deems appropriate, so long as it comports with the factors enumerated in § 3553(a). 18 U.S.C. § 3583(d). The Sentencing Guidelines permit the sentencing court to impose any conditions of supervised release that:

> (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with . . . correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b). While the Guidelines recognize "a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid

6

simply because it affects a probationer's ability to exercise constitutionally protected rights." *Zinn*, 321 F.3d at 1089 (citation omitted).

With regard to the ban on possessing sexually explicit materials, neither this Court nor the Supreme Court have held a lifetime condition prohibiting a similarly situated sex offender from possessing any sexually explicit materials is overly broad. Accordingly, the district court did not plainly err in prohibiting Carpenter from possessing sexually explicit materials. *See Moriarty*, 429 F.3d at 1019. Moreover, a special condition of supervised release is not invalid simply because it affects an appellant's ability to exercise constitutionally protected rights. *See Zinn*, 321 F.3d at 1089.

Carpenter only challenges the condition prohibiting *unsupervised* contact with minors, but does not challenge the broader ban on any contact with minors. Accordingly, he has abandoned any objection to the broader condition. *See United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) (noting issues and contentions not timely raised in briefs are deemed abandoned). To the extent his claim survives, the district court did not commit plain error by imposing the prohibition on unsupervised contact because the condition was reasonably related to the § 5D1.3(b) factors and involved no greater deprivation of liberty than reasonably necessary to meet the purposes of the factors. *See U.S.S.G. § 5D1.3(b).

7

Carpenter's offense conduct involved an intimate relationship with a minor, taking provocative pictures of her, and forcing her into prostitution at two different times. Accordingly, prohibiting Carpenter from having unsupervised contact with minors was reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford deterrence, the need to protect the public, and his correctional treatment. *See* U.S.S.G. § 5D1.3(b).

Finally, the district court did not commit plain error by requiring Carpenter to obtain the court's approval before entering into any self-employment, as he has exhibited a pattern of "self employment" consisting of forcing women into prostitution, and he admitted to not having formal employment for at least 20 years prior to the offenses. Moreover, this condition involves no great deprivation of liberty because he may obtain court approval for legitimate self-employment. Accordingly, we affirm Carpenter's sentence.

**AFFIRMED.**