**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-30542

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BOBBY J WEATHERTON

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

Bobby J. Weatherton appeals the sentence imposed by the district court following the revocation of his probation. He argues that the district court plainly erred in imposing special conditions of supervised release which require him to undergo psychosexual evaluation and potential treatment and which restrict his possession of sexually explicit materials. We affirm.

**I.**

In April 2006, Bobby J. Weatherton pleaded guilty to making a false claim to the Federal Emergency Management Agency (FEMA) following Hurricane Katrina. According to the presentence report (PSR), Weatherton was convicted of forcible rape and aggravated burglary in 1979 and was sentenced to 35 years' imprisonment. He was released from imprisonment in 2002. Weatherton was

sentenced to three years of probation for FEMA fraud. This probation was subject to several conditions including, *inter alia*, that he not commit another federal, state, or local crime; that he report to the probation officer; and that he notify the probation officer at least ten days prior to any change in residence or employment. In August 2007, the probation office petitioned the district court for a warrant for Weatherton's arrest, alleging that Weatherton had violated the conditions of his probation. The petition alleged that (1) a warrant for Weatherton's arrest had been issued for attempted first degree murder, aggravated kidnaping, and aggravated rape; (2) Weatherton failed to report to his probation officer and that his whereabouts were unknown; and (3) Weatherton failed to notify his probation officer of his current address.

At a probation revocation hearing, Weatherton stipulated to the second and third violations. The first violation, which involved a pending state charge, was dismissed from the petition. The district court revoked Weatherton's probation and sentenced him to three months' imprisonment and two years of supervised release. The court further ordered that Weatherton comply with numerous conditions of supervised release, including that he register as a sex offender, undergo a psychosexual evaluation and any necessary treatment, and that he not possess any sexually explicit materials as defined in 18 U.S.C. § 2256(2). Weatherton offered no objection to the district court's sentence. Weatherton timely appealed.

## II.

Pursuant to *Gall v. United States*, 128 S.Ct. 586, 597 (2007), "this court must ensure the district court committed no significant procedural error.  If the imposition of the imprisonment term is procedurally sound, this court then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Rodriguez*, 558 F.3d 408, 411–12 (5th Cir. 2009) (quotations omitted).  Weatherton does not challenge the sentencing procedure.  Generally, the "the appropriate standard by which to review conditions of supervised release, which are part of the sentencing decision is a deferential abuse-of-discretion standard, pursuant to *Gall*."  *Id.* at 412. However, because Weatherton did not object to the imposition of the special conditions in the district court, we review for plain error only.  *See United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007); *see also* Fed. R. Crim. P. Rule 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").  As the Supreme Court recently reiterated, there are four steps, or prongs, to "plain-error review" under Rule 52(b):

> First, there must be an error or defect – some sort of deviation from a legal rule – that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute.  Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings.  Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error – discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Meeting all four prongs is difficult, as it should be.

*Puckett v. United States*, 173 L. Ed. 2d 266, 275 (2009) (quotations omitted).

## III.

Weatherton first argues that the district court plainly erred in requiring, as special conditions of his supervised release, that Weatherton undergo psychosexual evaluation and any necessary treatment and not possess sexually explicit materials. A district court may impose any condition of supervised release "it considers to be appropriate" so long as certain requirements are met. 18 U.S.C. § 3583(d). First, the condition must be "reasonably related" to one of four factors:[1] (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant. *Id.* §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D). Second, the condition cannot impose any "greater deprivation of liberty than is reasonably necessary" to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs. *See id.* §§ 3583(d)(2), 3553(a)(2)(B), (a)(2)(C), (a)(2)(D). Finally, the condition must be consistent with the policy statements issued by the Sentencing Commission. *Id.* § 3583(d)(3).

Weatherton contends that the conditions in question are not reasonably related to his FEMA fraud conviction, that his 1979 rape conviction is insufficient to support the need for the conditions, and that his 2007 arrest warrant cannot provide a basis for the conditions because it is an unsubstantiated allegation which the government abandoned as a basis for revocation. Because district courts must consider the defendant's history and characteristics, they may take into account "a defendant's prior conviction for a

---

[1] *See United States v. Jimenez*, 275 F. App'x 433, 442 (5th Cir. 2008) (noting that "[e]very circuit court reaching the issue" has interpreted section 3583(d) "only to require a reasonable relationship with any of the four factors[,] not necessarily all of them" and collecting cases); *see also United States v. Love*, 431 F.3d 477, 484 (5th Cir. 2005) (stating that a special condition must be "related to a punitive goal").

sex offense when imposing sex-offender-related special conditions when the underlying conviction is for a non-sexual offense." *United States v. Deleon*, 280 F. App'x 348, 351 (5th Cir. 2008); *see United States v. Dupes*, 513 F.3d 338, 344 (2d Cir. 2008) (upholding sex-offender related special conditions as part of sentence for securities fraud where they were reasonably related to defendant's "history and characteristics as a sex offender, his need for treatment, and the public's need for protection from him"); *see also United States v. Prochner*, 417 F.3d 54, 63 (1st Cir. 2005) ("[T]he fact that the special condition of sex offender treatment is not related to the crime of conviction does not, by itself, render the condition invalid.").[2] Moreover, we have previously held in an unpublished opinion that a sentencing court may consider charged criminal behavior of the defendant even in the absence of a conviction if the defendant admitted the behavior or the information was derived from a reliable source. *See Deleon*, 280 F. App'x at 351 (holding that district court did not abuse its discretion or plainly err in considering defendant's indictment for aggravated sexual assault of a child where the information was contained in the PSR and the defendant failed to state that he did not commit the offense); *see also* U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."); *Rodriguez*, 558 F.3d at 412 ("Title 18 of the United States Code, section 3661 . . . provides '[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.'"); *United States v. Kingsley*, 241

---

[2] Although an unpublished opinion issued after January 1, 1996 is not controlling precedent, it may be considered as persuasive authority. *Ballard v. Burton,* 444 F.3d 391, 401 and n.7 (5th Cir. 2006).

F.3d 828, 833 n.7 (6th Cir. 2001) ("[P]rior criminal behavior by the defendant, which, as in the case sub judice, the defendant did not deny during his sentencing proceeding, and/or which was supported by information derived from a reliable source, is relevant to sentencing, even if that prior criminal conduct did not lead to a criminal conviction.").

The record shows that the district court was aware of both Weatherton's "lengthy history" and the state warrant for Weatherton's arrest. Although Weatherton describes the warrant for his arrest as an "unsubstantiated allegation," the petition for revocation contains a reasonably detailed account of the alleged crime,[3] and in light of Weatherton's apparent flight and his failure to deny having committed the crime either before the district court or on appeal, we cannot say that the warrant plainly lacked sufficient indicia of reliability. *Cf. Rodriguez*, 558 F.3d at 414 ("Notably, Rodriguez does not deny he sexually assaulted the fifteen-year-old girl. He merely points out the procedural posture of the pending charge, and offers nothing more than conclusory assertions to rebut the reliability of the PSR. Thus, he has not met his burden of demonstrating the information in the PSR was unreliable or untrue, and therefore has not shown the district court erred in considering information in the PSR."). Because Weatherton does not otherwise contest the relationship between the conditions at issue and the statutory factors, he has not established plain error.[4]

---

[3] The petition for revocation states:

> The offense details indicate the defendant took a female to a[n] open field where he beat, strangled, and raped her. After she pled for her life, he left her bound at the ankles and wrists and unclothed from the waist down. The victim managed to get only her feet untied and she ran to a nearby chemical plant, where workers discovered her walking with her hands bound and unclothed from the waist down.

[4] We note that at least two of our sister circuits have vacated similar prohibitions against possessing adult pornography and remanded for resentencing where the district court failed to adequately explain and the court of appeals could not ascertain a viable basis for the

Weatherton also argues that the challenged conditions are obviously a greater deprivation of Weatherton's liberty than is reasonably necessary to achieve the goals of deterrence and public safety because he was already required to register a sex offender under state law as a result of his 1979 aggravated rape conviction. The challenged conditions, however, are clearly aimed, at least in part, at Weatherton's therapeutic needs. Moreover, given that Weatherton is alleged to have committed another rape despite being registered as a sex offender, we cannot say that it would be plain error to conclude that sex offender registration, by itself, was insufficient to protect the public from

---

imposition of the condition in the record. *See United States v. Perazza-Mercado*, 553 F.3d 65, 75–79 (1st Cir. 2009) (holding that district court plainly erred in imposing a "ban on the possession of adult pornography as a condition of supervised release, without any explanation and without any apparent basis in the record for the condition"); *United States v. Voelker*, 489 F.3d 139, 150–153 (3d Cir. 2007) (holding on review for abuse of discretion that "[t]he district court] ignored our caution "that 'the deprivation of liberty can be no greater than necessary to meet the goals [of 18 U.S.C. § 3583(d)(2)] . . . . [and] failed to provide an analysis or explanation to support this broad restriction"). *But see United States v. Daniels*, 927–28 (9th Cir. 2008) (holding that district court "did not plainly err in limiting [defendant's] possession of materials depicting sexually explicit conduct because the condition furthered the goals of rehabilitating him and protecting the public where defendant was convicted of possession of child pornography and could "slip into old habits of amassing child pornography"); *United States v. Rearden*, 349 F.3d 608, 611 (9th Cir. 2003) (upholding similar condition on plain error review); *United States v. Carpenter*, 280 F. App'x 866, 869 (11th Cir. 2008) ("With regard to the ban on possessing sexually explicit materials, neither this Court nor the Supreme Court have held a lifetime condition prohibiting a similarly situated sex offender from possessing any sexually explicit materials is overly broad. Accordingly, the district court did not plainly err in prohibiting [defendant convicted of sex trafficking of a minor and enticing a minor to engage in prostitution] from possessing sexually explicit materials.").

As discussed elsewhere in this opinion, Weatherton argues only that (1) "[g]iven the age of his previous sex offense and the paucity of information in the record regarding the circumstances of the issuance of the 2007 arrest warrant, this record does not support, without more, that he has a propensity to commit future sexual offenses" such that the challenged conditions have a reasonable relationship to the relevant goals; and (2) the challenged conditions are a greater deprivation of his liberty than is reasonably necessary to achieve the goals of deterrence and public safety because he is already required to register a sex offender under state law. Thus, Weatherton does not argue the prohibition against the possession of sexually explicit materials is not generally reasonably related to sex offenses and offenders, nor does he make any argument specifically regarding his liberty interest in possessing sexually explicit materials. We express no opinion on the merits of these waived arguments. *See* Fed. R. App. P. 28(a)(9) (requiring that the argument contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Weatherton's future crimes. 18 U.S.C. § 3583(d)(2). Therefore, Weatherton has not established plain error.[5]

Finally, Weatherton argues for the first time on appeal that he was given no notice that his revocation sentence would include the above outlined special conditions. As we recently stated in *United States v. Ybarra*:

> Ybarra contends that the sex offender conditions must be vacated because the district court did not give him notice that it was contemplating the imposition of such conditions, thereby violating Federal Rule of Criminal Procedure 32(h). Rule 32(h) states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." [Fed. R. Crim. P. 32(h).] Rule 32 promotes "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." [*Burns v. United States*, 501 U.S. 129, 137 (1991).]
>
> In *United States v. Coenen*, we held that courts are required to give "reasonable pre-sentence notice" that sexual offender registration provisions are "under consideration." [135 F.3d 938, 943 (5th Cir. 1998).] In *Coenen*, we recognized that "invasive" sex offender notification provisions were analogous to upward departures from the Sentencing Guidelines and thus could not be categorized as simple "occupational restriction[s] . . . which do[] not require . . . notice." [*Id.*] But *Coenen* was decided before *United States v. Booker*, which invalidated the mandatory features of the Guidelines. [543 U.S. 220 (2005).] Whether, post *Booker*, sex offender conditions require notice, or even whether there is a notice requirement at all for any conditions in the context of supervised release, is unclear.

289 F. App'x. 726, 733–34 (5th Cir. 2008) (footnotes omitted). The government argues that, based on *Irizarry v. United States*, 128 S. Ct. 2198, 2202–04 (2008), in which the Supreme Court held that in an original sentencing proceeding, a defendant is not entitled to advance notice of the imposition of a non-guideline sentence, special conditions of supervised release also do not require advance

---

[5] *See supra* note 5.

notice. We need not decide this issue, however. Because it is not clear whether Weatherton was entitled to notice, the district court did not plainly err in not providing it. *Puckett*, 173 L. Ed. 2d at 275.

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.