**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-20748
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY ALAN FORTENBERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-70-ALL

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Timothy Alan Fortenberry was convicted by a jury of three counts of receiving child pornography and one count of possession of child pornography involving the sexual exploitation of minors. The district court sentenced Fortenberry to three concurrent terms of 168 months of imprisonment and one concurrent term of 120 months of imprisonment. The district court also imposed a lifetime term of supervised release, which included a special condition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barring Fortenberry from using the internet without prior written permission from his probation officer.

Fortenberry elected to represent himself in the district court, and the district court held a hearing to determine if Fortenberry's waiver of his right to counsel was knowing and intelligent. Fortenberry now argues on appeal that the hearing conducted by the district court was inadequate because the district court permitted the Government to ask Fortenberry some of the questions that went to the determination that his waiver was valid.

Pursuant to the Sixth and Fourteenth Amendments, a state criminal defendant has the right to the assistance of counsel. *Faretta v. California*, 422 U.S. 806, 807 (1975). However, "the Constitution does not force a lawyer upon a defendant." *Id*. at 814-15 (internal quotation marks omitted). A defendant maintains the right to represent himself in a criminal trial. *Id*. at 815, 821.

In *United States v. Davis*, 269 F.3d 514, 516-20 (5th Cir. 2001), the case relied on by Fortenberry for the proposition that the district court erred in allowing the prosecutor to conduct some of the questions in the *Faretta* hearing, the district court conducted an exceedingly brief *Faretta* hearing in which it primarily relied on warnings given by counsel, whom the defendant "no longer trusted." We concluded that the hearing did not satisfy *Faretta*. *Id*. at 520.

Unlike in *Davis*, the district court questioned Fortenberry at length about his understanding of the district court's role in the federal government, the jury selection and trial process, the risk that he was too intimately involved with the case to "see[] things from a distance," the risk that the jury might make certain conclusions about him based on his decision to represent himself, and the near impossibility of presenting himself as a witness. The district court admonished Fortenberry that his decision to proceed pro se was a "foolish choice."

The district court then allowed the Government to question Fortenberry. The Government asked Fortenberry whether he had represented himself in any other trial; understood the charges against him; understood the Sentencing

2

Guidelines and the penalties that could be imposed if he was found guilty; was familiar with the Federal Rules of Evidence and the Federal Rules of Criminal Procedure; and understood the details of a plea bargain he had previously rejected. Further, unlike the defendant in *Davis* who presumably trusted the neutrality of the bench, the record reflects that the district court and anyone licensed to practice therein were all mistrusted by Fortenberry. The district court's permitting the Government to question Fortenberry during his lengthy *Faretta* hearing did not render Fortenberry's waiver of counsel less than knowing and intelligent.

Fortenberry also challenges the adequacy of the warnings he received regarding the waiver of counsel at his sentencing hearing and the adequacy of his apprehension of "possible defenses to the charges and circumstances in mitigation thereof." *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948). The record reflects that Fortenberry was adequately informed about the range of imprisonment he faced, about the plea offer he rejected, and about the Sentencing Guidelines under which he was sentenced. Fortenberry made a double jeopardy argument similar to the one in *United States v. Davenport*, 519 F.3d 940, 943-48 (9th Cir. 2008), in which the Ninth Circuit held that entry of judgment based on a guilty plea to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possessing child pornography, in violation of § 2252A(a)(5)(B), violated double jeopardy because possession offense was a lesser included offense of receipt offense. However, the Government argued that the possession and receipt counts against Fortenberry occurred on different days and therefore did not violate double jeopardy principles.

The record does not reflect that Fortenberry had an inadequate understanding of lesser included offenses and the possible defenses available to him. Based "on the circumstances of th[is] individual case, the district court" properly "exercise[d] its discretion in determining the precise nature of the

3

warning" given to Fortenberry to determine that his waiver of the right to counsel was knowing and intelligent. *Davis*, 269 F.3d at 519.

Fortenberry next argues that he was unduly prejudiced by the prosecutor's closing remarks. Fortenberry argues that the prosecutor "ask[ed] the jury to solve the serious social problem of child rape by convicting" him. Fortenberry also argues that the prosecutor improperly gave his opinion when he told the jury that a guilty verdict would be "a very proper verdict."

Fortenberry admits that he did not object to the prosecutor's statements at trial and that review should therefore be for plain error. *See United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007). Plain-error review involves the following four prongs: First, there must be an error or defect that has not been affirmatively waived by the defendant. Second, the error must be clear or obvious, i.e., not subject to reasonable dispute. Third, the error must have affected the defendant's substantial rights. Fourth, if the above three prongs are satisfied, we have the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and citation omitted).

The ultimate question on review is "whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict. In answering this question, we consider (1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *Thompson*, 482 F.3d at 785 (internal quotation marks and citation omitted).

The district court instructed the jury before closing arguments were made to "consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits that have been admitted; . . . [and to r]emember that any statements, objections, or arguments made by the lawyers are not evidence." "We presume that the jury follows the instructions

of the trial court unless there is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect is devastating." *United States v. Tomblin*, 46 F.3d 1369, 1390 (5th Cir. 1995) (internal quotation marks and citation omitted). Fortenberry "presents no convincing argument that the jury did not follow the instruction given by the trial court." *Id.* at 1390-91. Moreover, the evidence of Fortenberry's guilt was extensive, and he did not attempt to refute his guilt of the offense conduct. Rather, Fortenberry attempted only to persuade the jury that the district court lacked jurisdiction to convict him. The district court's instructions and the weight of the evidence against Fortenberry "dissipated the potential prejudice of the prosecutor's statements," and any error in their regard does not require reversal under the plain error standard. *Id.* at 1391.

Fortenberry last challenges the special condition of his lifetime term of supervised release that prohibits him from using the internet without prior written approval from his probation officer. Fortenberry admits that he did not challenge this provision in the district court. Thus, our review of this special condition of supervised release is for plain error. *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009), *cert. denied*, – S. Ct. –, 2009 WL 2421734 (U.S. Oct. 5, 2009).

The district court has wide discretion to impose conditions of supervised release. *See United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). "The district court has the discretion to impose conditions reasonably related to the history and characteristics of the defendant or his general rehabilitation." *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002) (internal quotation marks and citations omitted). This discretion is limited by 18 U.S.C. § 3583, which requires that the conditions must be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(C). These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct,"

5

(3) the need "to protect the public from further crimes of the defendant," and (4) the need "to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner." § 3553(a)(1)-(2). The conditions "cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals." *Paul*, 274 F.3d at 165.

Thus far, this court has approved a complete ban on internet usage for the three year term of supervised release imposed on a defendant who "used the Internet to encourage exploitation of children by seeking out fellow 'boy lovers' and providing them with advice on how to find and obtain access to 'young friends.'" *Id.* at 169. More recently, the Third Circuit upheld a conditional internet ban, like the one at issue here, for a defendant's ten-year term of supervised release. *United States v. Thielemann*, 575 F.3d 265, 270, 278 (3d Cir. 2009).

Although we recognize the conditional ban on the internet usage for a lifetime is a harsh condition of supervised release, we cannot say that Fortenberry has demonstrated that imposition of the same was plainly erroneous. To show plain error, one thing the appellant must show is an error that is clear or obvious. *Puckett*, 129 S. Ct. at 1429. To constitute clear or obvious error, the error must be, at a minimum, clear or obvious under current law at the time of appellate consideration. *United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997). Fortenberry has not made a showing that any alleged error in imposing the challenged supervised release condition was clear or obvious at the time of his trial or is clear or obvious under the current law of this circuit. The judgment of the district court is AFFIRMED.