# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 12-10697
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 10, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD WILLIAM HORTON,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-205-1

———————

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard William Horton pleaded guilty to receipt of visual depictions of minors engaging in sexually explicit conduct and was sentenced within the advisory-Guidelines sentencing range to 225-months' imprisonment and a period of supervised release for life. The district court imposed various special conditions on Horton's supervision, including:

> The defendant shall have no contact with minors under the age of 18, including by correspondence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10697

> telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer.

On appeal, Horton contends these conditions are excessively severe, both individually and cumulatively.

Generally, conditions of supervised release are reviewed under the deferential abuse-of-discretion standard. *E.g., United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009). Horton, however, did not object in district court to the conditions. Because the error was not preserved, review is only for plain error. *Id.* Under that standard, Horton must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

In *United States v. Ellis*, our court, faced with similar facts and applying the abuse-of-discretion standard, affirmed the imposition of substantially similar lifetime, special conditions of supervised release, imposing a no-contact-with-minors provision and barring access to places children frequently congregate. 720 F.3d 220, 224-26 (5th Cir. 2013) (citations omitted) (noting condition similarly permitted approval for incidental contact with children if necessary), *cert. denied*, 2013 WL 4456638 (U.S. 2 Dec. 2013) (No. 13-5918). In the light of *Ellis*, Horton has failed to demonstrate clear or obvious error. The same applies to the conditions' cumulative effect. *Id.* at 227.

AFFIRMED.