# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40805
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARBIS DIAZ-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-215-1

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marbis Diaz-Espinoza was convicted by a jury of illegal reentry following deportation, and he was sentenced to 36 months of imprisonment and two years of supervised release. The district court stated at sentencing that, as a special condition of his supervised release, Diaz-Espinoza must "not use any name other than [his] true name or true date of birth."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Diaz-Espinoza contends that the "true name and date of birth" condition is not reasonably related to the purposes of supervised release and is a greater deprivation of liberty than reasonably necessary because it violates his First Amendment right to free speech.  Because he did not object to the imposition of this special condition in the district court, our review is for plain error.  *See United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007).

A district court may impose any condition of supervised release that is reasonably related to one of four factors: (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) deterrence of criminal conduct, (3) protection of the public, and (4) the need to provide the defendant with educational training, medical care, or other correctional treatment.  *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009); 18 U.S.C. §§ 3553(a)(1), (2)(B)-(D), 3583(d).  The condition may not involve a greater deprivation of liberty than is reasonably necessary and must be consistent with the policy statements issued by the Sentencing Commission.  *Weatherton*, 567 F.3d at 153.

Diaz-Espinoza asserts that the true-name special condition was not reasonably related to any of the *Weatherton* factors because his offense did not involve the use of a false name or false date of birth and because the presentence report did not indicate that he has a history of having used a false name.  The presentence report, however, belies Diaz-Espinoza's position, as he has used various different combinations of his name and different dates of birth, which he admitted.  Diaz-Espinoza also contends that he has a First Amendment right to use a false name or false date of birth in some circumstances and that the true-name condition is not narrowly tailored to accommodate that constitutional right.  Because Diaz-Espinoza's argument involves an extension of *United States v. Alvarez*, 132 S. Ct. 2537, 2544-47,

No. 13-40805

2553-55 (2012) (Breyer, J., concurring), rather than a straightforward application of that case, any error on the part of the district court was not clear or obvious. *See United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1482 (2013).

AFFIRMED.