# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30197

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TYRONE BRADSHAW,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CR-122-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Tyrone Bradshaw appeals special conditions of his supervised release that require him to apply any federal income tax refund to court-ordered monetary obligations and to make financial disclosures to the United States Probation Department when requested. We decline to exercise our discretion to correct any error that may attend Bradshaw's sentence under plain error review, and therefore affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30197

**I**

In 1985, Bradshaw was convicted in California state court of kidnapping, forcibly raping, and robbing a woman. The conviction for forcible rape requires Bradshaw to register as a sex offender for the rest of his life.[1] Sometime in 2012, Bradshaw traveled to Louisiana and obtained a Louisiana identification card. However, he failed to register as a sex offender.

Bradshaw was indicted in the Western District of Louisiana pursuant to 18 U.S.C. § 2250(a) for his failure to register, and subsequently pleaded guilty. The district court sentenced him to forty-one months of imprisonment, to be followed by a seventeen-year term of supervised release. The district court imposed the following three special conditions of supervised release as part of the sentence:

> 1. The defendant shall apply any Federal income tax refund received during the period of supervision toward any unpaid court ordered monetary obligation.

> 2. The defendant shall be subject to financial disclosure throughout the period of supervised release and shall provide U.S. Probation with all requested financial documentation. The defendant shall report all household income to U.S. Probation as requested.

> 3. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act as required by law.

Bradshaw timely filed a notice of appeal. His appointed counsel initially moved to withdraw and filed a brief in accordance with *Anders v. California*,[2] taking the position that Bradshaw's appeal had no merit. However, after we ordered a supplemental brief as to two potentially non-frivolous issues, counsel withdrew the motion to withdraw and filed a brief on the merits. Bradshaw now argues on appeal that the district court plainly erred in imposing, without

---

[1] *See* 42 U.S.C. § 16913(a).

[2] 386 U.S. 738 (1967).

No. 15-30197

explanation, the special conditions requiring him to apply any federal income tax refund to unpaid court-ordered monetary obligations and to make financial disclosures to the United States Probation Department.  He argues that the district court failed to explain the basis for these two conditions and that they are not reasonably related to any permissible goal of sentencing.

## II

The "broad discretion" given to district courts in imposing conditions of supervised release is limited in several important ways.[3]   First, the condition must be "reasonably related" to one of four statutory factors:

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.[4]

Second, "the condition cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs."[5]   Third, "the condition must be consistent with the policy statements issued by the Sentencing Commission."[6]

Because Bradshaw did not object to the financial special conditions in the district court, we review only for plain error.[7]  To demonstrate plain error, Bradshaw must show that "(1) there is error . . . ; (2) it is plain; and (3) it affects substantial rights."[8]  If Bradshaw satisfies these three requirements, we have

---

[3] *United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004) (per curiam).

[4] *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)).

[5] *Id.* (quoting 18 U.S.C. § 3583(d)(2)).

[6] *Id.* (citing 18 U.S.C. § 3583(d)(3)).

[7] *United States v. Prieto*, 801 F.3d 547, 549 (5th Cir. 2015) (per curiam).

[8] *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

"the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[9]

We will assume, without deciding, that Bradshaw has met the first three requirements of the plain error standard of review because we resolve at step four of the analysis not to exercise our discretion to correct the error. At step four, "we look to the degree of the error and 'the particular facts of the case' to determine whether to" correct the error.[10] We have previously stressed that "we do not view the fourth prong as automatic if the other three prongs are met."[11]

In *United States v. Prieto*, we declined to exercise our discretion and affirmed a special condition prohibiting the defendant from possessing pornographic materials.[12] In doing so, we emphasized in particular that the modifiable nature of a condition of release should "weigh[] heavily in our consideration of the fourth prong."[13] Though the fact that a condition may be modified or removed by the sentencing court in the future is not dispositive, "a defendant faces an uphill battle when he seeks to convince us that a modifiable condition 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[14] In addition, the panel in *Prieto* found significant the defendant's extensive criminal history and the fact that the presentence report

---

[9] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[10] *Prieto*, 801 F.3d at 554 (quoting *United States v. Avalos–Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (per curiam)).

[11] *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc); *see also Olano*, 507 U.S. at 736 ("[T]he discretion conferred by Rule 52(b) should be employed in those circumstances in which a miscarriage of justice would otherwise result.").

[12] *Prieto*, 801 F.3d at 554-55.

[13] *Id*. at 554.

[14] *Id*. (alteration in original) (quoting *Puckett*, 556 U.S. at 135).

prepared by the Probation Department warned the defendant about the challenged condition and he still failed to object.[15]

Here, Bradshaw's criminal history is extensive and includes convictions for forcible rape, kidnapping, armed robbery, theft, and possession of a controlled substance. He also has a prior state conviction for failure to register as a sex offender, has repeatedly failed to register, and "defiantly" told members of the U.S. Marshals Service in 2012 that he will not register in the future and will instead "go on the run again" after serving his prison sentence. Bradshaw's significant criminal history weighs in favor of our declining to exercise our discretion. The financial conditions may make it easier for the Probation Department to closely monitor Bradshaw and certainly undermine any suggestion that the conditions, which are not particularly onerous, will be viewed by the public as a "miscarriage of justice."[16] Moreover, Bradshaw has moved around the country in the past. The financial conditions may make it easier for the Probation Department to track him in order to ensure his compliance with his registration obligation and with the conditions of his supervised release. Finally, and most significantly, as in *Prieto*, the conditions here are modifiable. *If* the probation officer requests financial information in the future and Bradshaw views that request to be unreasonable, he may seek modification from the district court.

In sum, "we do not think that the public would perceive any grave injustice" from the imposition of modifiable conditions requiring a defendant with such a serious criminal background to make financial disclosures to the Probation Department and apply any federal tax refund to any court-related

---

[15] *Id.*
[16] *Olano*, 507 U.S. at 736.

No. 15-30197

financial obligations.[17]   Accordingly, we decline to exercise our discretion to correct the district court's error.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[17] *Prieto*, 801 F.3d at 554.