# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60316
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CR-18-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Moore was convicted in 2006 of possession of child pornography, and he was sentenced to a 70-month term of imprisonment and to a three-year period of supervised release; his supervision commenced on August 17, 2013. Moore has appealed the district court's amended judgment revoking his supervised release and sentencing him to an 11-month term of imprisonment and to a 25-month period of supervised release. Moore contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in imposing four special conditions of supervised release that, inter alia, limit his computer and internet use and prohibit the possession of sexually explicit materials.  Moore asserts that the special conditions are not reasonably related to the statutory sentencing factors listed in *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009), and he contends that the district court's factual findings in that regard were inadequate.  *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015).

Moore concedes that this court's review is for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  To establish plain error, Moore must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  In order to show that an error affected his substantial rights, Moore must demonstrate that the error affected the outcome of the proceedings.  *See id.*  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Puckett*, 556 U.S. at 135.

There was no reversible plain error.  The additional special conditions, considered in the light of Moore's behavior while on supervision, are reasonably related to the nature and circumstances of his offense of possession of child pornography and to Moore's personal history and characteristics, and they enhance the probation officer's ability to supervise Moore's computer and internet use and to protect the public by deterring him from reoffending.  *See United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013); *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002).  The district court's findings may be inferred from the fact that the special conditions were imposed at the conclusion of an evidentiary hearing regarding Moore's supervised release violations.  *See Caravayo*, 809 F.3d at 275.  There is no indication that a more

No. 16-60316

detailed explanation would have resulted in a different sentence.  *See Whitelaw*, 580 F.3d at 264-65; *see also Puckett*, 556 U.S. at 135.  The amended judgment is

**AFFIRMED**.