# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2024

Lyle W. Cayce
Clerk

_____

No. 22-30633

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MONTRELLE D. JONES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-13-1

_____

Before STEWART and RICHMAN, *Circuit Judges*, and SCHOLER, *District Judge*.[†]

PER CURIAM:[*]

Pursuant to a plea agreement, Montrelle D. Jones ("Jones") pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(8) ("Count 1") and possession of a firearm in a school zone

_____

[†] United States District Judge for the Northern District of Texas, sitting by designation.

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

in violation of § 922(q)(2)(A) ("Count 2"). The district court imposed a 72-month sentence as to Count 1 and a consecutive 6-month sentence as to Count 2 for a total term of 78 months of imprisonment. The district court also imposed a 3-year term of supervised release which included a special condition ordering Jones to submit to drug testing and to participate in a substance abuse treatment program. Jones now appeals. For the following reasons, we AFFIRM in part, and VACATE and REMAND in part.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Jones pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(8), and possession of a firearm in a school zone, in violation of § 922(q)(2)(A). According to the Presentence Investigation Report ("PSR"), Jones attempted to pull a Glock-style handgun with an extended magazine from his waistband during a gang-related altercation involving 30 people at a high school basketball game. About 200 people were present during the incident.

Using Count 1 as the underlying offense, the PSR grouped Counts 1 and 2 together for Guidelines calculation purposes because Count 2 embodied conduct that was treated as a specific offense characteristic of Count 1. U.S.S.G. § 3D1.2(c). Jones's Guidelines range was 37 to 46 months of imprisonment, based on a total offense level of 21 and a criminal history category of I. The PSR also listed four pending state cases in which Jones was subject to protective orders for violent incidents involving the mother of his children.

No. 22-30633

Jones's statutory maximum on Count 1 was 10 years of imprisonment,[1] while his statutory maximum on Count 2 was 5 years. His sentence on Count 2 was to run consecutively to the sentence imposed on Count 1, and the PSR stated that the district court should apportion the sentence between both Counts to determine the total years of imprisonment. The PSR also pointed to the inadequacy of Jones's criminal history category, Jones's possession of a weapon, and the threat to public welfare as possible grounds for an upward departure. Neither party objected to the PSR.

At sentencing, the district court upwardly departed from the Guidelines range, imposing a total term of imprisonment of 78 months consisting of 72 months on Count 1 and a consecutive term of 6 months on Count 2. In applying the upward departure, the district court cited the Guideline provisions identified in the PSR, and further reasoned that the departure was justified by the facts of the underlying offense, Jones's gang involvement, and the pending domestic violence charges. Among other conditions of supervised release, the court ordered Jones to participate in outpatient substance abuse treatment and submit to drug testing. Jones objected only to the upward departure. The district court entered judgment on September 14, 2022, and extended Jones's deadline to file a notice of appeal to October 18, 2022. Jones filed his notice of appeal before that deadline, making his appeal timely.

After Jones filed his initial brief on appeal, this court decided *United States v. Rahimi*, 59 F.4th 163 (5th Cir. 2023), which was then withdrawn and

---

[1] The PSR mistakenly cited 18 U.S.C. § 923(a)(2) as the basis for Count 1's statutory maximum. At the time of Jones's offense, violations of § 922(g) carried a ten-year statutory maximum under 18 U.S.C. § 924(a)(2) (2022). Section 924 has since been amended to provide for a fifteen-year statutory maximum for such violations. *Id.* at § 924(a)(8).

superseded by *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023) (No. 22-915). In *Rahimi*, 61 F.4th at 461, this court held that § 922(g)(8) is unconstitutional after *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). After the government filed its response brief, Jones filed a supplemental brief asserting an additional, unpreserved claim that his § 922(g)(8) conviction should be vacated under the now-superseded version of *Rahimi*, 59 F.4th 163. Because Jones appealed a § 922(g)(8) conviction, following oral arguments, we held this appeal in abeyance pending the release of the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Because the Supreme Court reversed our holding in *Rahimi*, and because Jones was previously found to be a credible threat to the physical safety of his partner, no further discussion of the panel's opinion is warranted in this case. *Rahimi*, 144 S. Ct. at 1903 (holding that an "individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment").

## II.   STANDARD OF REVIEW

"[W]e review upward departures for reasonableness, which necessitates that we review 'the district court's decision to depart upwardly and the extent of that departure for abuse of discretion.'" *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)). "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." *Id.* (internal quotation marks omitted).

"Plain error is clear or obvious error that affects substantial rights of the defendant and seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Sanchez*, 325 F.3d 600,

603 (5th Cir. 2003) (internal quotation marks omitted). To demonstrate plain error, Jones must show that: (1) an error occurred, (2) the error is clear or obvious, and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Upon making such a showing, this court has the discretion to remedy the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160 (1936). Where an issue is disputed or unresolved, or where there is an absence of controlling authority, there can be no clear or obvious error. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009).

## III.  DISCUSSION

Jones raises four issues on appeal: (1) he waived, as opposed to forfeited, his argument that 18 U.S.C. § 922(g)(8) is unconstitutional; (2) this court should exercise its discretion to review his unpreserved constitutional challenge; (3) the district court abused its discretion by upwardly departing in imposing his sentence; and (4) the district court plainly erred by imposing conditions of supervised release related to drug treatment. Because the Supreme Court's recent holding in *Rahimi* forecloses the first two issues, we turn to the remaining two issues. *Rahimi*, 144 S. Ct. at 1903.

### A.  Abuse of Discretion

Jones's total offense level of 21 and criminal history category I produced an advisory range of 37 to 46 months' imprisonment. The district court sentenced Jones to a 72-month sentence of imprisonment on Count 1, and a consecutive 6-month term of imprisonment on Count 2 for a total of 78 months. Citing U.S.S.G. § 4A1.3, the district court elected to depart upwardly noting that reliable information indicated that Jones's criminal history category substantially underrepresented the seriousness of his

criminal history as well as the likelihood that Jones would commit other crimes in the future. Citing U.S.S.G. § 5K2.14, the district court also noted that its decision to depart upwardly was based on the fact that Jones's conduct on January 14, 2022, in which he knowingly carried a concealed firearm to a high school basketball game and attempted to draw it during a gang-related fight, had significantly endangered the public. Jones argues that the district court's sentence gave undue weight to the issuance of various protective orders and the unadjudicated charges of domestic battery pending against him. We disagree.

"When making factual findings for sentencing purposes, district courts 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Solis,* 299 F.3d 420, 455 (5th Cir. 2002) (internal quotation marks and citation omitted)). A PSR "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (quoting *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007)). A district court, therefore, "may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Trujillo*, 502 F.3d at 357 (citations omitted).

The PSR details four instances of Jones's unadjudicated prior criminal conduct occurring between June 2020 and June 2024. Jones failed to put forth any evidence to rebut the information contained in the PSR. "Because no testimony or other evidence was submitted to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation." *United States v. Rodriguez*, 602 F.3d 346, 363 (5th

No. 22-30633

Cir. 2010). Additionally, Jones's conduct on January 14, 2022, where he attempted to draw a concealed weapon during a gang-related altercation at a crowded high school basketball game, endangered the public. The district court, in determining that an outside-Guidelines sentence was warranted, appropriately considered the extent of the upward variation and provided a sufficiently compelling justification. *Gall v. United States*, 552 U.S. 38, 50 (2007). Accordingly, we conclude that Jones has not shown that the district court abused its discretion.

### B. Plain Error

Accompanying the imposed total sentence of 78 months' imprisonment, the district court imposed a 3-year term of supervised release which included a special condition requiring Jones to "participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program," and to "submit to drug testing as directed by the treatment facility and probation officer during the term of supervision." Jones asserts, for the first time on appeal, that the district court plainly erred by imposing this special condition. Jones argues that the condition cannot be said to fulfill the goals of § 3553(a) as set forth in U.S.S.G. § 5D1.3(b) and, as such, involves a greater deprivation of liberty than necessary. The government concedes that the district court plainly erred because it did not make any factual findings justifying the contested condition and, therefore, Jones should be entitled to a remand for re-sentencing on that condition.

Because Jones failed to timely object to the condition of supervised release, this court reviews his challenge of this special condition for plain error. *United States v. Huerta*, 994 F.3d 711, 716 (5th Cir. 2021); *see also United States v. Franklin*, 838 F.3d 564, 566 (5th Cir. 2016) (noting that we review preserved challenges to conditions of supervised release for abuse of discretion, whereas forfeited challenges are reviewed for plain error).

Although district courts have wide discretion in imposing terms and conditions of supervised release, this discretion is limited by the factors set forth in 18 U.S.C. § 3583(d). *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). "These factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) the need 'to afford adequate deterrence to criminal conduct,' (3) the need 'to protect the public from further crimes of the defendant,' and (4) the need 'to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner.'" *Id.* at 165 (citing 18 U.S.C. § 3553(a)(1)–(2)). A condition satisfies the statutory requirements if it is reasonably related to any of the four factors. *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009). Additionally, supervised release conditions cannot involve a "greater deprivation of liberty than is reasonably necessary" to achieve the statutory goals. *Paul*, 274 F.3d at 165 (citing 18 U.S.C. § 3583(d)).

The challenged condition for supervised release fails to satisfy any of the aforementioned factors. The offense before this court on appeal did not involve drugs or alcohol. Additionally, Jones's criminal record does not include any convictions or arrests for drug or alcohol-related offenses. Finally, the section of the PSR entitled, "Substance Abuse" states that Jones "denied ever using illegal substances or abusing alcohol." Accordingly, we determine that the district court made no specific factual finding to establish that the special condition ordering Jones to submit to substance abuse treatment and testing was reasonably related to one of the four factors under § 3553(a). *United States v. Alvarez*, 880 F.3d 236, 241 (5th Cir. 2018) (per curiam). Consequently, the special condition amounts to a greater deprivation of Jones's liberty than is reasonably necessary. *Paul*, 274 F.3d at 165. Absent additional evidence that Jones has a need for drug or alcohol treatment, the condition requiring Jones to participate in an outpatient

substance abuse treatment program is overly burdensome and runs afoul of § 3583(d)(2)'s prohibition against unduly restrictive special conditions. Therefore, we agree that the district court plainly erred.

We next consider whether the district court's plain error affected Jones's substantial rights. *Sanchez*, 325 F.3d at 603. The challenged condition to participate in an outpatient substance abuse treatment program and submit to drug testing may place an unnecessarily burdensome time commitment upon Jones as well as contribute to an unwarranted public perception that Jones requires substance abuse treatment, ultimately harming his reputation. *See e.g.*, *Alvarez*, 880 F.3d at 241. Thus, we conclude that the district court's error affected Jones's substantial rights. *Sanchez*, 325 F.3d at 603. Although we have determined that the district court's plain error affects Jones's substantial rights, we will only exercise our discretion to correct the error if it seriously harms "the fairness, integrity or public reputation of judicial proceedings" in accordance with the fourth prong of the plain error test. *Puckett*, 556 U.S. at 135. Here, because we have determined that the district court imposed a plainly erroneous substance abuse treatment condition that was not supported by the record, and because this "condition implicates significant autonomy and privacy concerns," we hold that the fourth prong has been satisfied. *Alvarez*, 880 F.3d at 241. Accordingly, we exercise our discretion to correct the error. *Id.*

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the district court's imposition of Jones's 78-month sentence of imprisonment. We VACATE the condition of Jones's supervised release requiring him to participate in an outpatient substance abuse treatment program and submit to drug testing as directed by the treatment facility and probation officer during the term of

No. 22-30633

supervision. We REMAND to the district court for re-sentencing in accordance with this opinion.