# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
July 11, 2013

No. 12-41129
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CARLOS DAVID MIRANDA-DELGADO,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:12-CR-378-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

After pleading guilty of possession with the intent to distribute more than

100 kilograms of marihuana, Mexican national Carlos Miranda-Delgado was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted safety-valve consideration and was sentenced, within the sentencing-guideline range but below the applicable statutory minimums, to thirty-seven months of imprisonment and three years of supervised release ("SR").  For the first time on appeal, he challenges the term of SR, urging that, because he is an illegal alien likely to be deported following his release from prison and because the guidelines advise that "ordinarily" no SR should be imposed in cases involving deportable aliens, the imposition of SR renders his sentence procedurally and substantively unreasonable.  Miranda-Delgado additionally preserves for further review the argument that the imposition of a term of SR constituted an upward departure requiring notice; he correctly concedes that the argument is foreclosed. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

Because Miranda-Delgado did not preserve his reasonableness challenges through objection in the district court, review is limited to plain error, a fact he concedes.[1]  *Id.* at 327–28.  To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

With respect to procedural reasonableness, Miranda-Delgado complains that the district court gave no reasons for contravening the advice in United States Sentencing Guidelines § 5D1.1(c) that SR should ordinarily not be imposed on deportable aliens.  The government counters that § 5D1.1(c) does not apply, because the district court was statutorily required to impose a term of SR following Miranda's conviction of a drug-trafficking crime.  The government cites 21 U.S.C. § 841(b)(1)(B)(vii), U.S.S.G. § 5D1.1(a), and 18 U.S.C. § 3583(a).  Miranda-Delgado responds that his qualification for relief under the safety-valve

---

[1] Nevertheless, he also seeks to preserve for possible further review the argument that no objection was required to preserve a substantive-reasonableness challenge.

provision relieved the court from any statutory obligation to impose a term of SR and triggered application of § 5D1.1(c).

There are no cases from this or any other circuit on point, so any error is not clear or obvious under current law. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009); *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010); *United States v. Henao-Melo*, 591 F.3d 798, 806 (5th Cir. 2009). Alternatively, even assuming *arguendo* that SR was not statutorily mandated, that § 5D1.1(c) applied, that the district court was required to state reasons for imposing SR, and that the court's failure to give reasons constituted clear or obvious error, Miranda-Delgado has not shown that the error affected his substantial rights: The record does not suggest that, if the court had explained the sentence in greater detail, it would have concluded that SR was unwarranted. *See Puckett*, 556 U.S. at 135.

As to substantive reasonableness, Miranda-Delgado's three-year SR term is within the advisory guideline range, and he has not overcome the inference that the district court considered the relevant factors. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Accordingly, he has not established that the SR was substantively unreasonable.

The judgment is AFFIRMED.