# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41240
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO GONZALEZ-CORTEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-627-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Francisco Gonzalez-Cortez (Gonzalez) pleaded guilty of possession with intent to distribute 100 grams or more of heroin, and he was sentenced to a 46-month term of imprisonment and to a statutory minimum four-year period of supervised release. In this appeal, Gonzalez raises issues related to the district court's imposition of a period of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41240

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). Because Gonzalez did not object to the procedural and substantive reasonableness of his sentence, however, our review is for plain error.[1] *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. To show that an error was clear or obvious, "A defendant need not show that the specific factual and legal scenario has been addressed but must at least show error in the straightforward applications of case law. By contrast, an error is not plain if it requires the extension of precedent." *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012) (internal quotation marks and citations omitted).

Gonzalez contends that imposition of the four-year period of supervised release was procedurally unreasonable because it was imposed without an adequate explanation, despite the suggestion, in U.S.S.G. § 5D1.1(c) (2011), that defendants like him should not be sentenced to a period of supervised release. Because he qualified for the safety-valve provision, he contends, a period of supervised release was not "required by statute," for purposes of § 5D1.1(c).

---

[1] Gonzalez has preserved for possible further review the question whether his substantive unreasonableness claim should not be subject to plain-error review.

No. 12-41240

In *United States v. Miranda-Delgado,* No. 12-41129, 2013 WL 3475113, at *1 (5th Cir. July 11, 2013) (unpublished), this court, applying the plain error standard, rejected the defendant's contention that "his qualification for relief under the safety-valve provision relieved the court from any statutory obligation to impose a term of [supervised release] and triggered application of § 5D1.1(c)." The court observed that there were no cases from this or any other circuit on point. Id. Accordingly, the court concluded, any error was not clear or obvious under current law. Id.

Although *Miranda-Delgado* is not dispositive, it is persuasive authority, and Gonzalez cites no authority in support of his legal argument, which involves an extension of the law. *See* 5th Cir. R. 47.5.4; *see also Vargas-Soto*, 700 F.3d at 182. In light of *Miranda-Delgado*, it was neither clear nor obvious that Gonzalez was eligible for relief from imposition of a period of supervised release under § 5D1.1(c). *See* 2013 WL 3475113, at *1.

Gonzalez contends that the district court failed to explain adequately its reasons for imposing a period of supervised release. The district court's statement that it had considered the statutory sentencing factors provided a sufficiently particularized explanation of its decision to impose a period of supervised release. *See United States v. Becerril-Pena*, 714 F.3d 347, 349-51 (5th Cir. 2013).

Because he qualified for the safety-valve provision, Gonzalez asserts, he was eligible for a period of supervised release of less than the statutory minimum four-year period. Contrary to Gonzalez's assertion, the record tends to support the conclusion that the district court was aware that it could impose a period of supervised release of less than four years.

No. 12-41240

Gonzalez has not rebutted the presumption that his within-guidelines four-year term of supervised release was substantively reasonable. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013).

Next, Gonzalez contends that the district court plainly erred in imposing a "true name and date of birth" condition of supervised release in violation of his rights under the First Amendment. A district court may impose any condition of supervised release that is reasonably related to one of four factors: (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) deterrence of criminal conduct, (3) protection of the public, and (4) the need to provide the defendant with educational training, medical care, or other correctional treatment. *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009); 18 U.S.C. §§ 3553(a)(1), (2)(B)-(D), 3583(d). The condition may not involve a greater deprivation of liberty than is reasonably necessary and must be consistent with the policy statements issued by the Sentencing Commission. *Weatherton*, 567 F.3d at 153.

Gonzalez asserts that the true-name special condition was not reasonably related to one of the four factors because his offense did not involve the use of a false name or false date of birth and because the presentence report did not indicate that he has a history of doing so. He contends that he has a First Amendment right to use a false name or false date of birth in some circumstances and that the true-name condition is not narrowly tailored to accommodate that constitutional right. Because Gonzalez's argument involves an extension of *United States v. Alvarez*, 132 S. Ct. 2537, 2544-47, 2553-55 (2012) (Breyer, J., concurring), rather than a straightforward application of that case, any error on the part of the district court was not clear or obvious. *See Vargas-Soto*, 700 F.3d at 182. The judgment is AFFIRMED.

4