**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2012

No. 11-10428

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JON LESLIE LYONS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 10-CR-190

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The only issue before this court relates to an event that all parties agree cannot occur for at least a decade. On September 1, 2010, defendant Jon Lyons pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and three counts of receiving child pornography in violation of 18 U.S.C § 2252A(a)(2). On April 28, 2011, Lyons was sentenced to 120 months of imprisonment and thereafter to a lifetime term of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10428

release, as authorized by 18 U.S.C. § 3583(k).[1]  Lyons's written judgment included as one special condition this lifetime term of supervised release, set forth as follows: "The defendant shall not have access to a computer, cellular device or any electronic equipment that allows access to the internet.  The defendant shall not have any access to the internet."  At sentencing, the district court orally imposed this special condition by stating, "[w]ith regard to computer, you're not to have any computer.  You're not to access the Internet, ever."  Notably, Lyons's narrow objection was to "the blanket prohibition on the computer access."

On appeal, Lyons argues that the imposition of the lifetime special condition of supervised release infringes 18 U.S.C. § 3583(d)[2] and infringes on his First, Fifth, and Fourteenth Amendment rights.  As a threshold issue, in

---

[1] 18 U.S.C. § 3583(k) states that, "the authorized term of supervised release for any offense under . . . 2252A . . . is any term of years not less than 5, or life."

[2] In addition to imposing the mandatory conditions of supervised release set forth in 18 U.S.C. § 3563(a), § 3583(d) states:

> The court may order, as a further condition of supervised release, to the extent that such condition—
>> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);
> any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . .

18 U.S.C. § 3583(d).  18 U.S.C. § 3553(a)(1) reads, "the nature and circumstances of the offense and the history and characteristics of the defendant," and 18 U.S.C. § 3553(a)(2)(B)-(D) read, "(B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

order to reach—indeed, before reaching—his statutory complaint, and certainly before reaching any constitutional complaints, we must address the discrepancy between the written judgment and the oral pronouncement of Lyons's sentence. When a written judgment conflicts with the oral pronouncement of sentencing, the oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (per curiam).  However, where, as is the circumstance here, there is an ambiguity between the two, "we must look to the intent of the sentencing court, as evidenced in the record to determine the defendant's sentence." *Id.* (internal quotation marks and citation omitted).

The record in this case, however, does not resolve whether the sentencing court's intention was to prohibit Lyons's future access to computers in general (Lyons's objection at sentencing) or specifically only his future access to computers and electronic devices that offer internet access (Lyons's objection on appeal).  For the purposes of viewing child pornography, and in the context of Lyons's crimes, both forms of technology might trigger grave concern, although we note that the written judgment's focus on electronic access to the internet is a more tailored special condition.  Because we will not guess at a sentencing judge's intent, *United States v. Garcia-Ortiz*, 310 F.3d 792, 795 (5th Cir. 2002), nor can resentencing occur without the defendant's presence, Fed. R. Crim. P. 43; *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 382 (5th Cir. 2007), we remand the case for resolution of the ambiguity in this special condition of supervised release. *See United States v. Calhoun*, No. 11-41018, 2012 WL 2052959, at *1 (5th Cir. June 7, 2012) (unpublished) (per curiam).

As additional guidance, we note that in the extensive sentencing colloquy, the sentencing judge understandably focused concern on the considerations set forth in 18 U.S.C. § 3583(d)(1) (that special conditions be "reasonably related" to enumerated factors), especially, inter alia, on the nature and circumstances of Lyons's offense and his history and characteristics.  Informed legally by the

No. 11-10428

abundance of recent caselaw on this topic, we draw attention also to the requirement of narrow tailoring under 18 U.S.C. § 3583(d)(2) (that special conditions "involve[] no greater deprivation of liberty than is reasonably necessary"), as well as the statutory importance of clarity and specificity, above all relating to lifetime special conditions. *See* 18 U.S.C. § 3583(f) ("The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.").[3]

For the above reasons, we VACATE the sentence and REMAND the case to the district court to clarify and conform the sentence to the specific and properly tailored supervised release condition intended.

---

[3] Lyons's specter of evermore bans tied to technology that is ever-changing, yet could trigger revocation, may prove to be exaggerated in eventual consequence because defendants have prompt access to modification of supervised release conditions pursuant to 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c). *See United States v. Hilliker*, No. 11-50112, 2012 WL 1255020, at *2 (5th Cir. Apr. 13, 2012) (unpublished) (per curiam). Indeed the district court inserted a variation on this safeguarding supervisory role in its final paragraph of the written judgment when referring to use or possession of gaming consoles: "The defendant shall not use or possess any gaming consoles (including, but not limited to Xbox, PlayStation, Nintendo), or devices without the express permission of the Court."