# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60505

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

UNDRA DEMETRIUS JOHNSON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-8

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Undra Demetrius Johnson appeals his sentence imposed following revocation of his supervised release. He challenges the reimposition of special conditions of supervised release applicable to sex offenders. We AFFIRM.

## FACTUAL & PROCEDURAL BACKGROUND

In 1995, Johnson was convicted of a sex offense in Mississippi for touching or handling a child for gratification of lust. As a result of this

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction, Johnson was required to register as a sex offender under state law. In October 2009, Johnson pled guilty pursuant to a written plea agreement to failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), an act adopted in 2006. *See* 18 U.S.C. § 2250(a). Johnson was sentenced to 37 months in prison and a life term of supervised release. The conditions of supervised release required Johnson to participate in a program for the treatment and monitoring of sex offenders. He was also required to submit to searches of himself and his property, including computers and communication devices, upon reasonable suspicion of a violation of his release or unlawful conduct. Johnson, having entered a conditional guilty plea, appealed certain issues pertaining to SORNA which were not related to the sentence and its special conditions. We will discuss that appeal later.

Johnson's life term of supervised release commenced on July 20, 2011, when he was released from prison. On August 31, 2012, the probation office for the Southern District of Mississippi petitioned the court to revoke Johnson's supervised release based on various violations. Specifically, Johnson had pled guilty to driving under the influence and driving with a suspended license; had another arrest for driving under the influence and driving with a suspended license with no insurance; and had failed to tender monthly fine payments to the clerk of court. The probation officer later amended its petition for revocation to add that Johnson had also been arrested for armed robbery, simple assault, resisting arrest, and public drunkenness.

At the revocation hearing, Johnson pled guilty to violating the conditions of his supervised release. Johnson's supervised release was revoked, resulting in the conditions of that supervision also being revoked. The court sentenced Johnson to two years in prison. It reimposed the life term of supervised release including the conditions that required Johnson to submit to searches of his person and to participate in a treatment program for sex offenders. The court

relaxed the conditions somewhat by eliminating the requirement that Johnson submit to a polygraph test or submit his computer or other electronic devices for searches.

Johnson objected to reimposition of the conditions of supervised release related to sex offenders. He argued that failure to register as a sex offender was not a sex offense under the Guidelines, that the conditions were not reasonably related to the 18 U.S.C. § 3553(a) factors, and that the conditions involved a greater deprivation of liberty than reasonably necessary. The district court overruled the objections. Johnson filed a timely notice of appeal.

## DISCUSSION

When a defendant preserves his objections in the district court, this court reviews "a sentence imposed on revocation of supervised release under a 'plainly unreasonable' standard, in a two-step process." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (citation omitted). First, the court ensures the "district court committed no significant procedural error." *Id.* (citation omitted). "If the district court's sentencing decision lacks procedural error, this court next considers the substantive reasonableness of the sentence imposed." *Id.* (citation omitted). Generally, we follow the same procedural and substantive considerations as are employed in the review of original sentences, though we give more deference to revocation sentences than to original ones. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Johnson alleges that procedural error occurred when the court imposed the special conditions of supervised release related to sex offenders because his failure to register was not a 'sex crime' under the Guidelines, the special conditions were not reasonably related to the 18 U.S.C. § 3553(a) factors, and they involve a greater deprivation of liberty than reasonably necessary. Johnson is correct that failure to register under SORNA is not a sex offense for purposes of the relevant Guideline, Section 5D1.2(b)(2). *United States v.*

*Segura*, 747 F.3d 323, 329 (5th Cir. 2014).   There was no procedural error, though, because a court may "impose[] sex-offender-related special conditions when the underlying conviction is for a non-sexual offense." *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (quotation marks omitted).   The remainder of Johnson's argument is that imposition of the special conditions was substantively unreasonable under the facts of this case.

As we consider the issue, we note that Johnson never addresses the fact that at issue here is the *reimposition* by the district court of special conditions of supervised release first imposed in 2009 for his failure to register as a sex offender, conditions he did not then challenge.[1]   The revocation and then reimposition of those conditions in 2013 was not for failure to register but was for other violations of the 2009 conditions for his supervised release.

As we mentioned earlier, Johnson appealed his 2009 conviction.  *See United States v. Johnson*, 632 F.3d 912 (5th Cir. 2011).   The conviction was under 18 U.S.C. § 2250(a) for failure to register as a sex offender.   The underlying sexual offense was committed in 1995, before enactment of SORNA. Johnson entered a plea agreement in 2009 in which he waived the right to appeal the conviction *and sentence* except for a challenge to "the validity of [SORNA] and the decision of the Attorney General to apply it to persons whose convictions for sex crimes predate its enactment." *Id.* at 914.   Johnson complied with his waiver and did not on appeal challenge the conditions of supervised release to which he now objects.  *See id.*  Any error in including those conditions in his original sentence was therefore thrice waived (though the first was likely sufficient): in the plea agreement, for failure to object in the district court, and for failure to contest the conditions on appeal.

---

[1] In district court, Johnson objected to making his supervision extend throughout the rest of his life.  He has not renewed that argument on appeal, and it is waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 13-60505

In this appeal, Johnson principally relies on two decisions from other circuits that procedurally are analogous to the situation Johnson faced in 2009, namely, a pre-SORNA conviction for a sexual offense that was more than a decade old and a post-SORNA conviction for failing to register. *See United States v. Goodwin*, 717 F.3d 511, 513-14 (7th Cir. 2013); *United States v. Rogers*, 468 F. App'x 359, 361-63 (4th Cir. 2012). In both decisions, the courts first held that failure to register was not a sex offense, and then examined whether the particular conditions bore a reasonable relation to the defendant's offense, personal characteristics, or other relevant matters. *Goodwin*, 717 F.3d at 522-525; *Rogers*, 468 F. App'x at 362-64. In both cases, the courts held that imposing the conditions relevant to sexual offenders was improper, but neither court suggested that such conditions would categorically be improper simply because the sentence was due to a conviction of failure to register under SORNA. *Goodwin*, 717 F.3d at 523-525; *Rogers*, 468 F. App'x at 362-64.

It is unclear whether we should consider Johnson's current arguments about the conditions of supervision that he earlier accepted without objection. The propriety of the conditions in the original sentence for failure to register was uncontested. The arguments he makes now would have applied in 2009, but he did not make them. Implicitly, Johnson is arguing that his commission of a new offense gives him the right to object to the conditions even though previously he had agreed not to do so. It is true that Johnson is now subject to a new sentence, and he is objecting to the conditions in it and not to those imposed in 2009. The fact that he had already been properly subject to such conditions, proper because he never challenged them, is at least a factor supporting reimposition. We conclude that we should consider Johnson's argument that the conditions are substantively unreasonable, with the added consideration that it is *reimposition* rather than original imposition that is before us.

5

No. 13-60505

We start with what this court has already held: "Because district courts must consider the defendant's history and characteristics, they may take into account a defendant's prior conviction for a sex offense when imposing sex-offender-related special conditions when the underlying conviction is for a non-sexual offense." *Weatherton*, 567 F.3d at 153 (quotation marks omitted). The court should consider how a condition of supervised release relates to the following factors:

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) deterrence of criminal conduct, (3) protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment.

*Id.* Further, "the condition cannot impose any greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public form the defendant, and advance the defendant's correctional needs." *Id.* (quotation marks omitted). "Finally, the condition must be consistent with the policy statements issued by the Sentencing Commission." *Id.*

At the revocation sentencing hearing, the court noted that Johnson had in 2009 been given lifetime supervised release and was before the court for revocation and a new sentence. Considering the Section 3553(a) factors and the circumstances of Johnson's character and offense history, the court would not shorten the lifetime supervised release. The court explained its reasons for the sentence it imposed, citing Johnson's "remarkable criminal history," including "18 convictions, six of which were felonies," by 2009. The court had the "impression that [Johnson] may not ever elect to abide by the rules promulgated by society and by Congress and by the system."

Particularly relevant is that the district court discussed the seriousness of the 1995 sexual offense. The details of the offense were described in the 2009 presentence report. The court in 2013 described that offense as "unseemly

6

and indescribable, difficult to even talk about [—] contact with a child under the age of 14." Therefore, the district court's requiring that Johnson be subject to treatment as a sex offender was not a decision made simply because Johnson had failed to register or had committed numerous non-sexual offenses. The district court specifically was concerned about the egregiousness of Johnson's earlier sex offense. As required by *Weatherton*, the district court considered the current offense, the defendant's history and personal characteristics, and other factors. It also considered that the defendant had already been subject to these conditions. The district court held they should be reinstated.

We cannot say that reimposition of the special conditions was plainly unreasonable. Johnson accepted those conditions in 2009. The revocation of his supervised release because of new offenses led to a new sentence with new conditions, largely identical to the first sentence. Because Johnson had not earlier objected to the sex offender conditions, and because the district judge explicitly considered the nature of Johnson's sex offense when deciding to reimpose conditions for sex offenders, there was no error.

AFFIRMED.