# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30912

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2015

Plaintiff – Appellee

Lyle W. Cayce
Clerk

v.

EMIL ROLAND RATH,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CR-204-1

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

In this case we review the imposition of conditions of supervised release prohibiting the defendant from accessing "any computer that is capable of internet access" and requiring him to "consent to [the] installation of monitoring software on any computer to which [he] has access." Concluding that the district court neither plainly erred nor abused its discretion in imposing these conditions, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30912

I.

Emil Rath pled guilty in 2014 to abusive sexual contact with a minor who has not attained the age of twelve years in violation of 18 U.S.C. § 2244(a)(1) and (c). The stipulated factual basis for Rath's guilty plea provided as follows.[1] Rath became acquainted with the victim and her family while stationed with the United States Army at the Fort Polk Military Reservation in Louisiana. On the night of the offense underlying Rath's instant conviction, which occurred in late 2002 or early 2003, Rath was sitting on a couch beside the victim in the living room of her family's residence while watching a movie. The victim was seven or eight years old. Rath was twenty-seven years old. Rath placed his hand on the victim's breast and then placed his hand between her legs on her inner thigh. He also undid his pants and asked the victim to touch his penis.

The pre-sentence investigation report (PSR) indicated that Rath has multiple prior convictions for sexual offenses involving minor victims.[2] In 1996, Rath pled guilty in Arkansas state court to two counts of first-degree sexual abuse and was sentenced to sixty months' probation.[3] In 2006, Rath was convicted in Arkansas state court of fourth-degree sexual assault and sentenced to seventy-two months' imprisonment.[4]

According to the PSR, Rath's 2006 conviction stemmed from allegations that in August 2005 he engaged in sexual intercourse with a fourteen-year-old girl in Mena, Arkansas.[5] Rath was thirty years old. Rath had met the victim about one year prior and cultivated a relationship by communicating with her "by phone, email, and instant messaging via computer for some time . . . [He]

---

[1] R.130-31.
[2] R.150.
[3] This conviction was subsequently sealed by the state court. R.83-84.
[4] R.150.
[5] R.150-51.

developed a code for them to use so no one else would know what they were talking about."[6] Beginning in July 2005, the victim began sneaking out of her house late at night to meet Rath alone in the backyard while her mother was sleeping. The victim reported to investigators that although at the second such meeting she told Rath that she did not want to have sex with him, at a later meeting she told him that she did want to have sex. She stated that at this later meeting Rath proceeded to remove her clothes and pull her underwear to one side before inserting his penis into her vagina. The PSR indicated that after initially denying these allegations Rath admitted that he had sexual intercourse with the victim on one occasion.

Based on a total offense level of 31 and a criminal history category of V, and relying on the United States Sentencing Guidelines (the "Guidelines"), the PSR indicated a guideline imprisonment range of 168 months to 210 months.[7] Rath does not challenge these calculations on appeal.[8] At sentencing, the district court indicated that, in addition to the Guidelines and the sentencing factors contained in 18 U.S.C. § 3553, it was taking into account "the number of people we know were abused by [Rath]. Those are just the ones we know about, and that's at least four at my last count."[9] The court sentenced Rath to a within-guideline-range sentence of 210 months' imprisonment followed by a five-year term of supervised release.[10]

Among other special conditions of supervision, the court imposed the following two conditions related to internet access:

> 5. You are to refrain from any access to any computer that is capable of internet access.

---

[6] R.150.

[7] R.155, 165.

[8] *See* Appellant's Brief at 3.

[9] R.115-16.

[10] R.97, 116.

No. 14-30912

6. You are to comply with the requirements of the computer monitoring program as administered by the probation officer and consent to installation of all monitoring software on any computer to which the defendant has access; and this will be further explained to you by your probation officer.[11]

Counsel for Rath objected to the conditions concerning internet access and computer monitoring on the basis that the instant offense "did not involve anything involving a computer."[12] The court overruled counsel's objection. It then recited the following bases in its written statement of additional reasons justifying Rath's sentence: "This defendant has two other convictions for sexual crimes involving contact with underage females. The defendant continues to rationalize his behavior, never fully accepting responsibility for his actions."[13]

Rath timely appealed.[14]

## II.

We normally review conditions of supervised release "under a deferential abuse of discretion standard."[15] In this case, although Rath objected below to the substantive reasonableness of the conditions he now challenges, he did not articulate an objection on procedural grounds. Where a defendant fails to preserve a procedural objection, including a claim "that the district court did not properly explain the sentence," we review only for plain error.[16]

## III.

"Although a district court generally has extensive discretion in imposing conditions of supervised release, its discretion is limited by 18 U.S.C. § 3583(d), which provides that the district court may impose conditions of supervised

---

[11] R.117-18; *see* R.99.

[12] R.119.

[13] R.168.

[14] R.102.

[15] *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009).

[16] *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

release that are reasonably related to the factors [set forth] in 18 U.S.C. § [3553(a)(1), (2)(B)-(D)]."[17] Section 3553(a), in relevant part, requires the district court to consider:

  (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

  (2) "the need . . . to afford adequate deterrence to criminal conduct;"

  (3) "the need . . . to protect the public from further crimes of the defendant;" and

  (4) "the need . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."[18]

We have interpreted section 3583(d) to require that a condition of supervised release must reasonably relate "only [to] one of the four factors, not necessarily all of them."[19] In addition, "the condition cannot impose any greater deprivation of liberty than is reasonably necessary" to accomplish the purposes set out in 18 U.S.C. § 3553(a).[20]

Finally, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission,"[21] some of which are implicated here. The Commission's policy statement regarding recommended special conditions for defendants convicted of sex offenses includes "[a]

---

[17] *United States v. Tang*, 718 F.3d 476, 482 (5th Cir. 2013) (per curiam) (citing 18 U.S.C. § 3583(d)).

[18] 18 U.S.C. § 3553(a)(1), (2)(B)-(D); *see Tang*, 718 F.3d at 482.

[19] *Tang*, 718 F.3d at 482 (citing *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009)).

[20] *Weatherton*, 567 F.3d at 153 (citing 18 U.S.C. § 3583(d)(2)) (internal quotation marks omitted).

[21] 18 U.S.C. § 3583(d)(3).

No. 14-30912

condition limiting the use of a computer or an interactive computer service in cases in which the defendant used such items."[22]

## A.

Rath challenges the internet- and computer-related conditions on two fronts. First, he asserts that the district court procedurally erred by failing to explain its reasons for imposing them. Second, he argues that they are substantively unreasonable because the offense underlying Rath's instant conviction did not involve use of a computer or the internet. We address each contention in turn.[23]

## 1.

We "must first ensure that the district court committed no significant procedural error."[24] Rath asserts that the district court failed to explain its reasons for imposing the special conditions in violation of section 3553(c), which requires a sentencing court to "state in open court the reasons for its imposition of the particular sentence."[25] Reviewing for plain error, we may not provide relief unless Rath can show: "(1) error, (2) that is plain, and (3) that affects [his] substantial rights."[26] Yet even if he meets these elements, "we have discretion to correct the forfeited error only if it 'seriously affects the

---

[22] U.S.S.G. § 5D1.3(d)(7)(B).

[23] Rath also argues that the challenged conditions are "irreconcilably at odds" with one another, because one forbids him to access a computer with access to the internet while the other requires him to install monitoring software on any computer he accesses. As an initial matter, we reject this argument. We understand the two conditions as intended to work in concert to ensure that Rath does not violate the prohibition on internet access; the monitoring software thus "serves the purpose of monitoring [Rath's] progress under supervision." *United States v. Rearden,* 349 F.3d 608, 621 (9th Cir. 2003).

[24] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[25] 18 U.S.C. § 3553(c).

[26] *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005) (internal quotation marks and citation omitted).

fairness, integrity, or public reputation of judicial proceedings.'"[27] We need not contemplate exercise of that discretion here, though, because Rath has not demonstrated plain error affecting his substantial rights.

As an initial matter, it is not apparent that the district court failed to comply with section 3553(c). At Rath's sentencing hearing, the court stated that in imposing the sentence and conditions it had considered "the factors contained in 18 U.S.C. [section] 3553" as well as "the number of people we know were abused by [Rath]."[28] The court reinforced this consideration in its written statement of reasons: "This defendant has two other convictions for sexual crimes involving contact with underage females. The defendant continues to rationalize his behavior, never fully accepting responsibility for his actions."[29] We have indicated that "little explanation is required" where, as here, a sentencing judge imposes a within-guideline-range sentence "and states for the record that she is doing so."[30] The district court's statements, albeit brief, arguably support a conclusion that it justified the conditions as reasonably related to one or more of the section 3553(a) factors.

Regardless, even assuming, without deciding, that the court plainly erred by failing to adequately state its reasons, we have held in similar cases that such error does not affect a defendant's substantial rights where the defendant "fails to show that an explanation would have changed his sentence."[31] "[T]he defendant must prove that the error affected the sentencing outcome."[32] Rath makes no attempt to explain how the district court's

---

[27] *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (citing *Mares*, 402 F.3d at 520)).

[28] R.116.

[29] R.168.

[30] *See Mares*, 402 F.3d at 519.

[31] *Mondragon-Santiago*, 564 F.3d at 365 (reviewing a similar procedural challenge for plain error); *see Tang*, 718 F.3d at 483.

[32] *Mondragon-Santiago*, 564 F.3d at 365.

compliance with section 3553(c) would have altered the special conditions it sought to impose. We therefore hold that the district court did not commit reversible procedural error.

2.

"Assuming that the district court's sentencing decision is procedurally sound, [we next] consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances."[33] Rath first argues that the internet-related conditions are not reasonably related to any of the section 3553(a) factors because the offense underlying his instant conviction did not involve use of a computer or the internet. He cites *United States v. Tang*,[34] where we held that similar conditions were not related to the statutory factors because "[t]here [was] no evidence that [the defendant had] *ever* used the [i]nternet to commit an offense of *any* sort."[35]

*Tang* is inapposite here. By contrast to the facts of that case, although the offense underlying Rath's instant conviction did not involve a computer, he indisputably used internet access—specifically, email and instant messaging— to groom a subsequent victim over an extended period of time in developing a relationship that culminated in illegal sexual intercourse. Rath urges that this distinction is of no import because internet use was not "integral" to his commission of that offense. We disagree. The record demonstrates that access to the internet played a significant role in Rath's long-term cultivation of a relationship with that victim. We therefore conclude that the conditions concerning internet access are reasonably related to one or more of the section

---

[33] *Gall*, 552 U.S. at 51. This includes our review of challenged conditions of supervised release. *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001).

[34] 718 F.3d 476 (5th Cir. 2013) (per curiam).

[35] *Id.* at 483 (emphasis added).

3553(a) factors, specifically: (1) "the history and characteristics of the defendant;" (2) "adequate deterrence;" (3) "protect[ing] the public from further crimes;" and (4) "provid[ing] the defendant with needed . . . correctional treatment in the most effective manner."[36]

Rath next asserts that the challenged conditions are not consistent with the Sentencing Commission's recommendation of "[a] condition limiting the use of a computer or an interactive computer service *in cases in which the defendant used such items*"[37] because there is no indication that he used a computer *in the instant case*. Again we disagree. The challenged conditions, while not expressly *recommended* in the Commission's policy statements, are in no way inconsistent with those statements. "A district court has discretion to craft conditions of supervised release, even if the Guidelines do not recommend those conditions."[38]

Finally, Rath argues that the challenged conditions constitute a greater deprivation of his liberty than is reasonably necessary. He asserts that a total ban on internet access with no provision of discretion for a probation officer to make exceptions will disadvantage him at school and work and will hamper his transition back into society. Again we disagree. The challenged conditions are neither overbroad nor unduly restrictive.[39] First, as we understand the conditions, Rath may use a computer for school and work as long as that computer is not capable of internet access. Second, although the conditions do not permit Rath's probation officer to make discretionary exceptions, Rath "has prompt access to modification of [these] conditions pursuant to [section]

---

[36] 18 U.S.C. § 3553(a)(1), (2)(B)-(D).

[37] U.S.S.G. § 5D1.3(d)(7)(B) (emphasis added).

[38] *United States v. Windless*, 719 F.3d 415, 421 (5th Cir. 2013) (citation omitted).

[39] *See Paul*, 274 F.3d at 167-70 (upholding a similar "strict ban on computer and internet use").

No. 14-30912

3583(e) and Federal Rule of Criminal Procedure 32.1(c),"[40] should modification become necessary and appropriate.[41] Third, Rath's term of supervised release is only five years.[42] This despite the Sentencing Commission's recommendation of a lifelong term of supervised release for sex offenses.[43] Along with several of our sister circuits, we have considered terms more limited in duration to weigh in favor of affirmance.[44] In addition to these reasons, Rath "has offered nothing more than raw speculation and conclusional statements to support his claim"[45] that the conditions will hamper his transition back into society.

In light of Rath's criminal history, which spans several convictions for sexual offenses involving minor victims, including at least one in which he used the internet to lure the victim before perpetrating the offense, we hold that the district court did not abuse its discretion in imposing the conditions prohibiting Rath from accessing the internet and requiring him to comply with a computer monitoring program during his five-year term of supervised release.

IV.

We AFFIRM the district court's imposition of special conditions related to internet access and computer monitoring.

---

[40] *United States v. Lyons*, 482 F. App'x 891, 893 n.3 (5th Cir. 2012) (per curiam); *see also United States v. Hilliker*, 469 F. App'x 386, 389 (5th Cir. 2012) (per curiam) (noting that section 3583(e) and Federal Rule of Criminal Procedure 32.1(c) "contemplate ongoing judicial review, termination, or modification of stringent supervised realize [sic] terms which is apt for terms that extend far into the future yet necessarily must adjust as technology changes").

[41] *See United States v. Sealed Juvenile*, 781 F.3d 747, 758 (5th Cir. 2015).

[42] R.98.

[43] U.S.S.G. § 5D1.2(b)(2) (Policy Statement).

[44] *See United States v. Miller*, 665 F.3d 114, 131 & n.83 (5th Cir. 2011) (citing cases from the Third and District of Columbia Circuits).

[45] *United States v. Emerson*, 231 F. App'x 349, 355 (5th Cir. 2007).