GRAVES, Circuit Judge, concurring in part as to issue II:
I disagree with the separate majority’s conclusion that the mental health condition was ambiguous. On reimposition of Lo-mas’ supervision, the district court’s written judgment included the special condition that required Lomas “to participate in a mental health program as deemed necessary and approved by the probation officer.” The district court imposed a mental health program condition in Lomas’ initial sentence and at his prior revocation hearing.
On direct appeal, Lomas argued that the district court reversibly erred by delegating to the probation officer the authority to decide whether he should undergo mental health treatment. United States v. Lomas, 304 Fed.Appx. 300 (5th Cir.2008). Because Lomas had not objected, this court reviewed for plain error and found none, noting that “[w]e ordinarily do not find plain error when we ‘have not previously addressed’ an issue.” Id. at 301. However, the court acknowledged its concerns and cited precedent from other circuits that “have agreed an improper delegation occurs in similar cases.” Id. at 300.[1]
This court has considered arguments that conditions are substantively unreason *326 able upon reimposition even when those arguments were not presented on original imposition. United States v. Johnson, 577 Fed.Appx. 241, 243-44 (5th Cir.2014). The revocation leads to a new sentence. Id. at 244. While Lomas did raise this issue on direct appeal as related to his original sentence and under plain error review, this appeal pertains to the reimposed sentence on revocation under a different standard of review. Here, this court’s review is for abuse of discretion because Lomas did not have the opportunity to contest the reimposed condition at sentencing. This court has not addressed the issue of delegation of authority under the abuse-of-discretion standard. Further, the legal question of whether the condition involved an unconstitutional delegation would be reviewed de novo. See United States v. Perez-Macias, 335 F.3d 421, 425 (5th Cir.2003).
The district court here did not orally impose on reimposition of supervised release the special condition that Lomas enroll in a mental health treatment program “as deemed necessary and approved by the probation officer.” That special condition appears only in the written judgment. I disagree with the separate majority’s suggestion that we should ignore any error because Lomas’ reference to it was not sufficient to “challenge” the issue. I further disagree with the separate majority that “the difference between the oral pronouncement and the written judgment constituted only an ambiguity.” Despite the separate majority’s assertion of an oral pronouncement of “generic ‘help,’ ” the district court actually plainly stated that the help it was referencing was as to one “previous condition” and that was “drug treatment.” Further, the separate majority’s discussion of Lomas’ medical records does not in any way cure the fact that the special condition was not orally pronounced.
Based on this court’s acknowledgements on direct appeal, the cases from sister circuits, the fact that the district court clearly delegated authority by saying “as deemed necessary” by the probation officer, and the relevant standard of review, I would conclude that the district court abused its discretion by requiring the mental health condition which impermissibly delegated authority to the probation officer. Notwithstanding the impermissible delegation of authority, the district court also abused its discretion by failing to orally pronounce the mental health condition. Accordingly, I would vacate the mental health program condition, and remand to the district court to strike the condition from the written judgment.

. Specifically, this court said:
The Eleventh Circuit has found that an impermissible delegation of judicial authority occurs when a court gives "the probation officer the authority to decide whether a defendant will participate in a treatment program,” as opposed to authority over the implementation of the treatment; United States v. Heath, 419 F.3d 1312, 1315 (11th Cir.2005); see also United States v. Pruden, 398 F.3d 241, 250-51 (3d Cir.2005) (mental health treatment); United States v. Peterson, 248 F.3d 79, 85 (2d Cir.2001); United States v. Kent, 209 F.3d 1073, 1078-79 (8th Cir.2000) (mental health treatment); United States v. Figuereo, 404 F.3d 537, 542-43 (1st Cir.2005) (drug testing); United States v. Stephens, 424 F.3d 876, 882-84 (9th Cir.2005) (drug testing); United States v. Sines, 303 F.3d 793, 799 (7th Cir.2002) (sex-offender treatment). One of our sister circuits concluded that every circuit court to review a sentence that gave to a probation officer the authority to decide whether a defendant will participate in a treatment *326 program found it unconstitutional. Heath, 419 F.3dat 1315, Id.