# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60619
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOSEA FELECIANO CHEEKS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CR-78

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After his 1994 conviction of anal or genital penetration by foreign object and forcible rape, Hosea Feleciano Cheeks was required to register under the Sex Offender Registration and Notification Act (SORNA). In 2012, he was convicted of failure to register in violation of 18 U.S.C. § 2250(a) and was sentenced to 27 months in prison and a life term of supervised release with special conditions. In 2015, Cheeks pleaded guilty to violating the conditions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his supervised release, and the district court sentenced him to 11 months in prison and re-imposed the life term of supervised release.  Additionally, the district court re-imposed the special conditions of supervised release that required sex offender treatment and submission to the search of his person and property upon reasonable suspicion.

Cheeks challenges the procedural and substantive reasonableness of the district court's re-imposition of his life term of supervised release and the conditions of supervised release.  A properly preserved challenge to the procedural and substantive reasonableness of a sentence imposed on revocation of supervised release is reviewed under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  We ensure that the district court did not commit a procedural error, and we consider the "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted).  An unpreserved challenge to the reasonableness of a sentence imposed on revocation of supervised release, however, is reviewed for plain error. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).  Plain error review arguably applies to some of Cheeks's arguments; however, because the arguments fail under either standard, we need not determine the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

First, Cheeks contends that the district court procedurally erred when it re-imposed his life term of supervised release.  Although he correctly asserts that failure to register as a sex offender under SORNA is not considered a sex offense, *see United States v. Segura*, 747 F.3d 323, 327-30 (5th Cir. 2014); U.S.S.G. § 5D1.2, cmt.(n.1), Cheeks does not allege and the record does not show that when the district court re-imposed the life term of supervised release, it mistakenly thought that failure to register as a sex offender was a

sex offense, that the Guidelines recommended a life term of supervised release, or that the court lacked the authority to impose a term of supervised release shorter than life. Additionally, Cheeks's assertion that the district court improperly considered Cheeks's failure to object to the imposition of his life term of supervised release in the 2012 proceedings is not supported by the record. Accordingly, the district court did not procedurally err when it re-imposed Cheeks's life term of supervised release. *See Miller*, 634 F.3d at 843.

Next, Cheeks asserts that the re-imposition of his life term of supervised release is substantively unreasonable. He contends that the 18 U.S.C. § 3553(a) sentencing factors favor a supervised release term less than life. "A [revocation] sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted).

The record demonstrates that when deciding to re-impose Cheeks's life term of supervised release, the district court properly considered the specific facts and circumstances of Cheeks's case with several of the factors under § 3553(a), including the nature and circumstances of the offense, the defendant's history and characteristics, and the need to afford adequate deterrence and protect the public. *See Gall v. United States*, 552 U.S. 38, 49-51 (5th Cir. 2007); *Miller*, 634 F.3d at 844; 18 U.S.C. §§ 3583(c); § 3553(a). The district court cited Cheeks's "significant criminal history" and his multiple revocations and commented that Cheeks's criminal history and conduct while on supervision showed "no intent to abide by the rules set forth by Congress and this society" and "support[ed] a lifetime term of supervision."

The district court's sentencing rationale comports with the primary goal of a sentence upon revocation of supervised release, which is to sanction the defendant for failing to abide by the terms of supervision. *See Miller*, 634 F.3d at 843. Cheeks's disagreement with the sentence does not demonstrate that the sentence is plainly unreasonable. *See Warren*, 720 F.3d at 332. Given Cheeks's recidivism and the district court's assessment that he "hasn't done anything to merit any break in the length of the term of his supervised release," Cheeks has failed to demonstrate that the district court's decision to re-impose the life term of supervised release was an abuse of discretion. *See Miller*, 634 F.3d at 843; *see also United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009) (affirming revocation sentence that exceeded advisory range but fell within statutory maximum).

Cheeks next asserts that the district court procedurally erred when it re-imposed the special conditions of supervised release requiring sex offender treatment and a search of Cheeks's person and property. He asserts that because his underlying SORNA offense is not a sex offense, the special conditions of supervised release pertaining to sex offenses in the Guidelines should not have been imposed.

Cheeks's claim is unavailing. "[A] court may 'impose[] sex-offender-related special conditions when the underlying conviction is for a non-sexual offense.'" *United States v. Johnson*, 577 F. App'x 241, 242-43 (5th Cir), *cert. denied*, 135 S. Ct. 694 (2014) (citing *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009)).

Additionally, Cheeks asserts that the district court procedurally erred when it considered the fact that he did not object to the imposition of these special conditions when the conditions were originally imposed. "The fact that [the defendant] had already been properly subject to such conditions, proper

because he never challenged them, is at least a factor supporting reimposition." *Johnson*, 577 F. App'x at 244. Accordingly, Cheeks has not shown that the district court procedurally erred.

Last, Cheeks argues that the special conditions of supervised release are substantively unreasonable. He asserts that these conditions do not reasonably relate to the § 3553(a) factors, are a greater restriction on his liberty than warranted by the nature of the instant crime, and are not consistent with the policy statements issued by the Sentencing Commission.

A district court may impose any condition of supervised release that it deems appropriate as long as the condition is reasonably related to the: (1) nature and characteristics of the offense and the history and characteristics of the defendant; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; and (4) the provision of needed training, medical care, or other correctional treatment. *Weatherton*, 567 F.3d at 153. Also, the "condition cannot impose any 'greater deprivation of liberty than is reasonably necessary,'" and the condition must be consistent with the policy statements of the Guidelines. *Id.* (quoting § 3583(d)(2)).

At Cheeks's revocation hearings, the district court observed that Cheeks "was originally accused of two rapes, one in 1990 and another in 1993," that the "1993 rape involved force," that Cheeks "threatened his victim with physical injury if she came forward," and that "the circumstances back in the '90s, those were -- egregious hardly even describes it, horrific." The district court determined that because of these acts, the two special conditions of supervised release were appropriate and supportable.

While Cheeks once again disagrees with the court's weighing of the applicable sentencing factors, he fails to show that the conditions were not reasonably related to his prior sex offense or to the need for deterrence and

protection of the public or that they imposed a greater infringement upon his liberty than necessary in light of his history and characteristics.  *See United States v. Fields*, 777 F.3d 799, 803-05 (5th Cir. 2015); *Weatherton*, 567 F.3d at 155; *see also, e.g., United States v. Cuneo*, 554 F. App'x 313, 317-19 (5th Cir. 2014); *United States v. Byrd*, 551 F. App'x. 726, 726-27 (5th Cir. 2013).

Additionally, we have rejected the argument that special conditions that are "not expressly recommended in the Commission's policy statements" are inconsistent with those statements.  *United States v. Rath*, 614 F. App'x 188, 193-94 (5th Cir. 2015).  We have previously affirmed sex offender conditions of supervised release in cases where the defendant's underlying conviction was for a non-sexual offense but his history included a conviction for a sex offense.  *See Fields*, 777 F.3d at 800-03 & nn.14-15; *Weatherton*, 567 F.3d at 152-54; *Johnson*, 577 F. App'x at 244.  Accordingly, Cheeks has failed to show that the district court's decision to re-impose the special conditions requiring sex offender treatment and submission to searches of his person and property was an abuse of discretion.  *See Warren*, 720 F.3d at 326; *Miller*, 634 F.3d at 843.

In light of the foregoing, the district court's judgment is AFFIRMED.