# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50917

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GAVIN BLAKE DAVIS,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-219-1

———————————————————————

Before JOLLY, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Gavin Davis, indicted and awaiting trial, challenges both the general denial of his request for unconditional pretrial release and the conditions of pretrial release imposed by the district court. We AFFIRM.

I.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50917

In May 2022, Gavin Davis was indicted on three counts of cyberstalking under 18 U.S.C. § 2261A(2)(B) and one count of interstate communication of a threat to injure under 18 U.S.C. § 875(c). Specifically, the government alleges that Davis harassed, intimidated, and threatened victims online. A magistrate judge initially refused to release Davis on bond pending trial. In applying the 18 U.S.C. § 3142(g) factors, the judge cited concerns of being unable to assure Davis's appearance in court or the safety of others and the community.

The magistrate judge, however, later reconsidered that detention order. Following a hearing, the magistrate judge determined that "a strict combination of conditions will reasonably assure the appearance of [Davis] as required and the safety of any other person and the community." The magistrate judge allowed Davis's pretrial release on several conditions, which the judge selected from a standard form of pretrial release conditions. Those conditions included, among other conditions, a $50,000 unsecured bond, no access to a computer or any other connected device, GPS monitoring, and submission to "mental evaluation and treatment as directed by" pretrial services. Davis, however, rejected these conditions as too restrictive. He therefore sought district court review while he remained in pretrial detention.

The district court held a hearing and reviewed these conditions as well as Davis's record. It noted that Davis had multiple prior contacts with law enforcement and multiple convictions. It then noted that courts had issued bench warrants for Davis on several occasions because he failed to appear in court. The district court also considered Davis's arrests for battery against a spouse, resisting arrest, violating a restraining order, violating a court order, stalking, and threatening a crime with intent to terrorize. Additionally, Davis had made repeated threats of deadly physical harm to others, including to the victims in this case and local and federal law enforcement officers.

2

No. 23-50917

Considering this record, the district court affirmed these "standard" conditions of pretrial release. Davis again refused to accept these conditions of pretrial release and was returned to pretrial detention.

Davis now appeals the denial of his request for unconditional pretrial release. He also appeals the specific conditions of pretrial release imposed by the district court.

II.

Davis first appeals the denial of his request for unconditional pretrial release. In general, the court shall order the pretrial release of the defendant on personal recognizance or unsecured appearance bond unless the "release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

"Absent an error of law," we will uphold the district court's order "if it is supported by the proceedings below, a deferential standard of review that we equate to the abuse-of-discretion standard." *United States v. Rueben*, 974 F.2d 580, 586 (1992) (citation and quotation marks omitted). "On appeal, the question becomes whether the evidence as a whole supports the conclusions of the proceedings below." *Id.*

The district court record is clear: it shows that Davis has a history of failing to appear in court absent judicial intervention, and that he has a history of violence. Davis's several failures to appear in court support the district court's conclusion that releasing him without conditions would not assure his appearance in court. So too does Davis's past violation of court orders. The record also supports the conclusion that an unconditioned release would endanger the safety of others. Davis has a lengthy history of threatening others with deadly violence, including the victims in this case and local and federal law enforcement officers.

No. 23-50917

Consequently, there exists no error of law, and the record supports the district court's denial of unconditional pretrial release. *See Rueben*, 974 F.2d at 586.

### III.

In addition to appealing the general denial of an unconditional release, Davis also appeals the district court's specific conditions of pretrial release. Davis's pro se brief suggests that he misapprehends several of the conditions of pretrial release (including one that the court did not mark on the condition form to apply to Davis), and he failed to adequately brief or challenge several other listed conditions. Consequently, we decline to address these conditions. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

We will, however, address one condition. Davis challenges the condition prohibiting him from accessing a computer or any other connected device. To be sure, Davis was indicted for harassing, intimidating, and threatening his victims via a computer connected to the internet.

"This court reviews an order imposing a pretrial release condition for abuse of discretion." *United States v. Green*, 793 Fed. App'x 223, 225 (5th Cir. 2019) (citing *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988)). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citation omitted). If conditions of pretrial release are reasonably necessary to assure the appearance of the defendant in court or to prevent endangering the safety of others, then the court shall order the defendant released "subject to the least restrictive further condition, or combination of conditions," to achieve those goals. 18 U.S.C. § 3142(c)(1)(B).

Here, as earlier discussed, the district court considered the need to reasonably assure Davis's appearance in court and the safety of others in

4

imposing pretrial release conditions. The court discussed Davis's past failures to appear in court requiring a bench warrant to produce his presence, as well as the danger Davis has posed to others. It also noted that the conditions imposed were "standard," which does not suggest an unduly restrictive nature. Our caselaw also supports durational prohibitions on computer use. *See, e.g., United States v. Paul*, 274 F.3d 155, 167-70 (5th Cir. 2001); *United States v. Rath*, 614 F. App'x 188, 194 (5th Cir. 2015). Further, Davis did not point to any specific legal error when briefing his challenge to this condition. Consequently, Davis has failed to show that the district court abused its discretion in imposing these conditions. *See Hesling*, 396 F.3d at 638.

## IV.

In sum, the record supports the conditional requirements of the district court's pretrial release order, and the district court is, therefore, in all respects,

AFFIRMED.